UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
JUAN RULLAN,

                              Plaintiff,                                    **OPINION AND ORDER**

           - v-                                                             10 CV 8079 (RPP)

NEW YORK CITY DEPARTMENT OF SANITATION,
NEW YORK STATE DIVISION OF HUMAN RIGHTS,

                              Defendant,
------------------------------------------------------------X
**ROBERT P. PATTERSON, JR., U.S.D.J.,**


**I. Introduction**

On October 25, 2010, Plaintiff Juan Rullan ("Mr. Rullan"), appearing pro se, filed a

complaint ("Compl.") in this district against the New York City Department of Sanitation

("DOS") and the New York State Division of Human Rights ("NYSDHR"), alleging

discrimination based on his disability in violation of the Americans with Disabilities Act

("ADA"), 42 U.S.C. § 12112 et seq., and Title VII of the Civil Rights Act of 1964 ("Title VII"),

42 U.S.C. §§ 2000e et seq.

On February 8, 2011, Defendant, DOS moved to dismiss the complaint on the grounds

that: 1) the complaint is barred by res judicata and collateral estoppel; 2) Plaintiff failed to state a

claim under the ADA and Title VII for discrimination or retaliation pursuant to FED. R. CIV. P.

12(b)(6); and 3) Plaintiff failed to exhaust his administrative remedies under Title VII and the

ADA. On February 8, 2011, Defendant NYSDHR also moved to dismiss the complaint asserting

that: 1) the complaint fails to state a proper claim since NYSDHR was not the plaintiff's

employer; and 2) the NYSDHR is immune from suit on ADA claims under the Eleventh

Amendment of the U.S. Constitution. Plaintiff submitted his Affirmation in Opposition to the

Motion to Dismiss on February 18, 2011. On February 25, 2011, Defendant DOS submitted its

reply memorandum. By letter dated February 28, 2011, Defendant NYSDHR stated that it was in

receipt of Plaintiff's Affirmation and that it rested on its prior submissions regarding the motion

to dismiss.

For the following reasons, Defendants' motion to dismiss is granted.

## II. Facts[1]

Mr. Rullan was appointed to the position of sanitation worker by DOS on December 11,

1989.  (See Hale Decl., Ex. F at 2.)  Prior to his hiring, Mr. Rullan informed the DOS medical

clinic that he had previous instances of emotional problems including, psychiatric and mental

issues, and that he had been admitted twice to psychiatric care facilities.  (See id.)  Also, at least

twice during his time at DOS, Mr. Rullan "was referred to psychiatric consultations and

evaluations."  (Id.)

On June 26, 2009, Mr. Rullan filed a verified complaint of discrimination and retaliation

with the NYSDHR and the Equal Employment Opportunity Commission ("EEOC"), alleging

---

[1] In evaluating the facts on a motion to dismiss, all factual information should be read in the light most favorable to the non-moving party.  Here, Plaintiff has not submitted a memorandum of law setting forth his factual allegations and the contents of the complaint fails to provide a factual backdrop to the allegations. Plaintiff's complaint references a March 4, 2010 filing with the Equal Employment Opportunity Commission ("EEOC") (see Compl. at 3), and annexed to the complaint are other documents, including, a right-to-sue letter from the EEOC and the NYSDHR's Answer in the state court Article 78 proceeding. (Id.)  Plaintiff however fails to attach his EEOC complaint or other documents from the state court proceeding.  These documents – "the NYSDHR complaint, determination, and investigatory file are integral to the Plaintiff's complaint as they [relate to] his claim in the face of a 12(b)(6) motion based on collateral estoppel and res judicata."  Johnson v. County of Nassau, 411 F.Supp. 2d 171, 178 (E.D.N.Y. 2006).  The Court "may take judicial notice of the records of state administrative procedures, as these are public records, without converting a motion to dismiss to one for summary judgment."  Id. quoting Evans v. New York Botanical Garden, 2002 U.S. Dist. LEXIS 16434, at *4 (S.D.N.Y. Sept. 4, 2000).  Thus, many of the facts in this action are gleaned from court or agency documents provided by DOS and attached to the Declaration of Ashley Hale ("Hale Decl.") dated Feb. 8, 2011.

violations of Article 15 of the Executive Law of the State of New York ("N.Y. Human Rights Law") and discrimination by the DOS based on "mental disability related to his post-traumatic stress, anxiety, depression, asthma and high blood pressure."  (See id.)  Mr. Rullan also alleged that he was retaliated against in the form of being sent for random drug testing two times within four months.  (See id. at 2-3; See Hale Decl., Ex. A at 3.)  Mr. Rullan claimed that his employer "[had] been writing [him] up saying [he] threatened and cursed them, which is a lie, [and that they] were trying to mess up [his] record."  (See Hale Decl., Ex A at 4.)  He also alleged that he was being

> unfairly targeted for being outspoken and supporting the union and safety.  There is no respect for seniority.  I would always question things I didn't think were right . . . .  Supervisor E. Mack [and] Supervisor P. Irby knowingly gave false testimony.  They [are] trying to make a paper trail.  Nothing has been proven.  It's just allegations.  There is a lot of injustice going on in 59th MTS.

(See id. at 6.)  Mr. Rullan also wrote that DOS "took [his] night differential" (overtime payment for certain shifts) and made him wait for five weeks to get overtime payment.  (See id. at 4.)

In response to the complaint, the DOS Equal Employment Opportunity Division conducted an investigation of Mr. Rullan's allegations.  The investigation included interviews of Mr. Rullan's supervisors, reviews of his DOS records, reviews of an investigation of Mr. Rullan's behavior toward his co-workers conducted by the DOS Field Investigation Audit Team, and an inquiry into why he was not paid his night differential.  (See Hale Decl., Ex. F at 3.)

On March 4, 2010, after investigation, the NYSDHR issued an opinion determining that there was "no probable cause to believe that the respondent had engaged in or is engaging in the unlawful discriminatory practice complained of" and dismissed Mr. Rullan's complaint.  (Hale Decl., Ex. B.)  The NYSDHR found that "[t]he record shows that Complainant has not been inordinately scrutinized or disciplined during the course of his 19 years of employment with

3

Respondent.  Information adduced during investigation clearly indicated that Complainant has a record of exhibiting inappropriate and threatening behavior in the workplace."  (Id.)  The NYSDHR further found that their investigation "failed to uncover sufficient evidence to establish a causal nexus between Complainant's treatment by Respondent and his being disabled or in retaliation for having filed prior complaints."  (See id.)

Sixty days later, on May 4, 2010, Mr. Rullan sought to reverse the decision of the NYSDHR by commencing a special proceeding in New York State Supreme Court, New York County, pursuant to Article 78 of the CPLR,[2] and added the NYSDHR as a respondent.  He further alleged in the petition that he "didn't have a disability when [he] came [to] the job," that his brother died on May 15, 1973, and that his father died on January 15, 1980.  (See id.; Hale Decl., Ex. C. at 3.)   In support of his petition, Mr. Rullan included a memorandum from his DOS medical file labeled "World Trade Center Attack – Employee Exposure," indicating "that during his employment with [DOS, Mr.] Rullan worked in the areas of the World Trade Center on or after September 11, 2001, and as a result may have been exposed to asbestos."  (Hale Decl., Ex. F. at 4.)  In addition, Mr. Rullan submitted medical notes from the Bronx Mental Health Services demonstrating that "he met with a mental health professional, complaining of 'depression, decreased sleep, memories of 9/11/01 and the death of a colleague in 3/05.'"  (Id. at 4-5.)  The notes also indicated that Mr. Rullan was then diagnosed with "post traumatic stress disorder, and 'depressive disorder.'"  (Id. at 5.)

On July 13, 2010, the NYSDHR submitted an answer to Mr. Rullan's petition admitting that they issued a no probable cause finding to Mr. Rullan's complaint.  (Hale Decl., Ex. D ¶ 1.) The answer also stated that because Mr. Rullan and DOS "are the real parties in interest

---

[2] Article 78 proceedings allow plaintiffs to appeal a state agency's finding if they believe it to be "arbitrary and capricious."

[NYSDHR] will not actively participate in [the Article 78 petition]." (Id. ¶ 4.) On July 23, 2010, DOS cross moved to dismiss the Article 78 Petition, "arguing that the [NYSDHR's] determination was not arbitrary and capricious, and that the determination [was] supported by facts in the record, and was rationally based on a thorough investigation." (Hale Decl., Exs. E at 1, F at 5.)

On July 29, 2010, the EEOC adopted the NYSDHR's no probable cause finding and issued a right to sue letter. (See Compl. at 5.) On October 25, 2010, Mr. Rullan filed the instant action in federal court naming both DOS and NYSDHR as Defendants. (See id. at 1-4.) Plaintiff alleges he suffers from "post traumatic stress depression, asthma, high blood pressure." (Id.) Plaintiff annexed to his complaint "a right-to-sue letter, a 'Patient Access Request for Medical Information to Self' form, letters regarding the 'World Trade Center Litigation Settlement,' and the [NYSDHR] Answer in the Article 78 proceeding that plaintiff brought in state court." (Id.) There is no other information contained with Plaintiff's complaint. (Id.)

On January 3, 2011, the New York State Supreme Court granted DOS's cross motion to dismiss, finding that the NYSDHR engaged in a sufficient investigation of his claim against DOS, and that the agency's action was not "arbitrary and capricious." (See Hale Decl., Ex. F.)

**III. Legal Standard**

On a motion to dismiss pursuant to FED. R. CIV. P. 12(b)(6), all factual allegations in the complaint are accepted as true, and all inferences are drawn in favor of the non-moving party. Mills v. Polar Molecular Corp., 12 F.3d 1170, 1174 (2d Cir.1993). Further, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 129 S.Ct. 1937, 1949 (2009) quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007). Claims that fail to meet this standard will be dismissed.

5

**IV. Discussion**

**A. Mr. Rullan's claims against DOS**

**1. Mr. Rullan's claim is barred by res judicata[3]**

Defendant DOS's first claim is that Mr. Rullan's complaint must be dismissed pursuant to the doctrine of res judicata. "Under res judicata, a final judgment on the merits of an action precludes the parties or their privies from relitigating issues that were or could have been raised in that action" Allen v. McCurry, 449 U.S. 90, 94 (1980). It is well settled that 28 U.S.C. § 1738 "requires federal courts to give the same preclusive effect to state court judgments that those judgments would be given in the courts of the State from which the judgments emerged."[4] Kremer v. Chemical Const., Corp., 456 U.S. 461, 466 (1982). Accordingly, "we look to the law of New York regarding res judicata" because Mr. Rullan first litigated this matter in New York State Court against the DOS, and received a final judgment on the merits. Ferris v. Cuevas, 118 F.3d 122, 126 (2d Cir. 1997) (where plaintiff's claim was first litigated in New York State Court and later in the Eastern District of New York, the Second Circuit applied New York law to preclude litigation in federal court pursuant to the doctrine of res judicata).

Under New York law, a claim is precluded by an earlier determination "if both causes of action are grounded on the same gravamen or are part of the same 'factual grouping,' even if the later claim is brought under a different legal theory of recovery." Kirkland v. City of Peekskill, 828 F.2d 104, 110 (2d Cir. 1987). If a federal complaint is "clearly based on the same series of events and the same allegations of discriminatory retaliation which formed the basis of [the] NYSDHR complaint," then it is precluded by res judicata. See id. Here, Mr. Rullan's complaint

---

[3] "Res judicata" is interchangable with "claim preclusion." See Black's Law Dictionary 256 (7th ed. 1999).

[4] 28 U.S.C. § 1738 "requires federal courts to afford the same full faith and credit to state court judgments that would apply in the State's own courts." Kremer, 456 U.S. at 461.

in state court was based on the N.Y. Human Rights Law, while the instant complaint alleges violations under the ADA and Title VII.  The gravamen of the two complaints, however, is identical and emerges from the same set of events and allegations.  Mr. Rullan's initial complaint in state court alleged discrimination and retaliation based on his disabilities – post-traumatic stress disorder, anxiety, depression, asthma and high blood pressure – and his complaint in this federal action alleges discrimination based on the same disabilities, without providing any new factual allegations.  (Compare Hale Decl., Ex. A at 3 and Compl. at 3.)  Consequently, although Mr. Rullan's state claim was not litigated under the ADA and Title VII, his complaint is nonetheless barred by the doctrine of res judicata because he received a final judgment on the merits against DOS in his state action.  See id. [5]

### 2. Plaintiff's claim is barred by collateral estoppel[6]

Next, DOS argues that Mr. Rullan's complaint is barred by collateral estoppel.  "Under New York law, issue preclusion will apply only if (1) the issue in question was actually and necessarily decided in a prior proceeding, and (2) the party against whom [issue preclusion] is asserted had a full and fair opportunity to litigate the issue in the first proceeding."  Hoblock v. Albany County Bd. of Elections, 422 F.3d 77, 94 (2d Cir. 2005).  The issue in question here is

---

[5] On June 26, 2009, Mr. Rullan filed his initial complaint of discrimination and retaliation with the NYSDHR and the EEOC.  (See Hale Decl., Ex. F at 2.)  The NYSDHR rendered its no probable cause finding on March 4, 2010.  (See Hale Decl., Ex B.)  On May 4, 2010, Mr. Rullan appealed the NYSDHR's ruling in New York State Supreme Court, New York County, pursuant to Article 78 of the CPLR.  (See Hale Decl., Ex. C.)  On October 25, 2010, Mr. Rullan filed the instant action in federal court, alleging the same set of facts as his state action.  (See generally Compl.)  On January 3, 2011, the New York State Supreme Court rendered a final judgment on the merits and determined that the NYSDHR's decision was not "arbitrary and capricious."  (See Hale Decl., Ex. F.)  While the instant complaint was filed before the New York State Supreme Court decision was rendered, the state court's decision nonetheless has preclusive effect.  See Kirkland v. City of Peekskill, 828 F.2d 104, 110 (2d Cir. 1987) (finding res judicata despite the fact that the plaintiff's federal claim was filed prior to the New York State Court's decision).

[6] "Collateral estoppel" is used interchangeably with "issue preclusion."  See Black's Law Dictionary (9th ed. 2009).

whether or not DOS engaged in discrimination and retaliation on the basis of Mr. Rullan's disability.

The controlling precedent for collateral estoppel is <u>Kremer v. Chemical Const., Corp.</u>, which is almost factually identical to the instant case.  <u>See Kremer</u>, 456 U.S. at 461.  In <u>Kremer</u>, the Plaintiff was laid off and filed a complaint with the NYSDHR, alleging discrimination based on age, national origin and religion.  <u>See id.</u> at 463.  The agency determined that Mr. Kremer failed to establish discrimination.  <u>See id.</u>  This determination was upheld by the NYSDHR Appeals Board as not arbitrary and capricious, and was subsequently affirmed by the New York Supreme Court Appellate Division.  <u>See id.</u> at 464.   Mr. Kremer then filed the same complaint with the EEOC alleging discrimination upon the same facts.  <u>See id.</u>  The EEOC also determined that Mr. Kremer failed to prove discrimination and issued a right to sue letter.  <u>See id.</u> at 465.  Finally, Mr. Kremer filed an action in federal court alleging discrimination based on religion and national origin.  <u>See id.</u>  The Court determined that the issue was precluded because the gravamen of the complaint had been previously litigated in state court.  <u>See id.</u> at 467.

Based on <u>Kremer</u>, it is clear that the issue in question here has been actually and necessarily decided in a prior proceeding.  Further, if the allegedly discriminatory acts are prohibited by both federal and state law, then the issue is precluded even if it was first decided under state law alone.  <u>See id.</u> at 479.  Here, the New York State Court affirmed the NYSDHR's decision that there was no probable cause finding of discrimination.  (<u>See</u> Hale Decl., Ex. F.) This state court decision should be given preclusive effect by the federal court.  <u>See Allen v. McCurry</u>, 229 U.S. 90, 95 (1980) ("The federal courts generally have also consistently accorded preclusive effect to issues decided by state courts.").  Because the instant case is based on the same gravamen and the alleged instances of discrimination are the same in both the state and

instant proceeding, the issue has necessarily been decided in a prior proceeding, and thus the first prong of the issue preclusion test has been met.  See Kremer, 456 U.S. at 479.

Next, it is clear that Mr. Rullan had a full and fair opportunity to litigate his claim. To meet this requirement, the "state proceedings need do no more than satisfy the minimum procedural requirements of the Fourteenth Amendment's Due Process Clause in order to qualify for the full faith and credit guaranteed by [28 U.S.C. § 1738]."  See id. at 481.  The Kremer Court determined that New York law, the NYSDHR and the New York State Courts meet Constitutional Due Process requirements.  Id. at 483 citing State Div. of Human Rights v. New York State Drug Abuse Comm'n, 59 A.D.2d 332, 336 (N.Y. Sup. Ct. App. Div. 4th Dept 1977) ("We have no hesitation in concluding that this panoply of procedures [under New York law], complemented by administrative as well as judicial review, is sufficient under the Due Process Clause.").  Applying Kremer, the Second Circuit determined that "[w]hile the agency determination in and of itself did not preclude his action, preclusive effect attached once the state court reviewed and affirmed the [NY]SDHR's finding of no probable cause."  See Yan Yam Koo v. Department of Buildings of City of New York, 218 Fed.Appx. 97, 98 (2d Cir. 2007).   Thus, the proceedings before the NYSDHR and the New York Supreme Court in Mr. Rullan's case were sufficient to fulfill Constitutional due process requirements, and establish the second prong of the issue preclusion test.  Accordingly, Mr. Rullan's claim is also barred by collateral estoppel.

### 3. Plaintiff did exhaust his administrative remedies.

Defendant DOS also claims that Plaintiff failed to exhaust his administrative remedies, as required by Title VII and the ADA, before filing the instant complaint in federal court. This assertion is incorrect. Plaintiff exhausted his administrative remedies by filing a complaint with

the EEOC on March 4, 2010, and receiving a right to sue letter from the EEOC on July 29, 2010.
(See Compl. at 3-5.)  Consequently, Defendant's motion to dismiss is not granted based on
Plaintiff's failure to exhaust his administrative remedies.

### 4. Plaintiff's claims against the DOS are further dismissed for failure to state a claim

Even if Mr. Rullan's claim was not precluded by res judicata or collateral estoppel, his
complaint still fails to state a claim under FED. R. CIV. P. 12(b)(6) because it fails to meet the
pleading standard under FED. R. CIV. P. 8(a)(2) ("A pleading that states a claim for relief must
contain: . . . (2) a short and plain statement of the claim showing that the pleader is entitled to
relief.").  In order to survive a motion to dismiss under FED. R. CIV. P. 12(b)(6), "a complaint
must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible
on its face.'" Ashcroft v. Iqbal, 129 S.Ct. 1937, 1949 (2009) quoting Bell Atl. Corp. v. Twombly,
550 U.S. 544, 570 (2007).  Mr. Rullan fails to meet this standard as he does not plead any facts at
all. (See generally Compl.)  Mr. Rullan's complaint states only that he has "post traumatic stress
depression, asthma, and high blood pressure."  (See Compl. at 3.)  This is insufficient to provide
any indication of discrimination, as merely having those disabilities is not enough to demonstrate
discrimination and/or retaliation occurred based on actions by DOS.

Accordingly, Mr. Rullan's claim against the DOS is dismissed for failure to state a claim.

## B. Mr. Rullan's claim against the NYSDHR

### 1. NYSDHR was not the Plaintiff's employer and cannot be held liable under the ADA or Title VII

Mr. Rullan's claims against NYSDHR must also be dismissed because the NYSDHR was
not Mr. Rullan's employer and thus cannot be held liable for any alleged act of employment

discrimination under Title VII or the ADA. Plaintiff cannot bring an action for employment discrimination against an entity that never employed him. As highlighted in Defendant NYSDHR's memorandum in support of the motion to dismiss, NYSDHR "did not control the means and manner concerning employment opportunities with respect to the plaintiff." (NYSDHR Mem. at 9.) In fact, NYSDHR's "only connection to this actions involve plaintiff's filing of an administrative discrimination complaint with the agency." (Id.)

Because the NYSDHR was never Mr. Rullan's employer, and because Plaintiff does not allege otherwise, NYSDHR cannot be held responsible for claims of employment discrimination and this defendant's motion to dismiss is also granted.

### 2.  NYSDHR is immune from ADA claims under the Eleventh Amendment

Further, Mr. Rullan's ADA claims against NYSDHR must also be dismissed because the Eleventh Amendment immunizes the agency from suit. The Eleventh Amendment precludes lawsuits in federal courts against the state, its agencies, and state officials "where the State is the real, substantial party in interest," unless the state consents to be sued or Congress enacts legislation overriding the state's Eleventh Amendment immunity.  Ford Motor Company v. Department of Treasury, 323 U.S. 459, 464 (1945); see Papason v. Allain, 478 U.S. 265, 276 (1986); Kentucky v. Graham, 473 U.S. 159, 165-66 (1985). The Eleventh Amendment acts as an absolute bar which deprives federal courts of jurisdiction to hear a claim against a state or its agencies because the action is considered one against the state "seeking to impose liability that must be paid from public funds in the state treasury." Pennhurst State  School & Hospital v. Halderman, 465 U.S. 89, 99 (1984). States retain immunity from ADA actions for money damages for employment discrimination based on disability. Board of Trustees of University of

<u>Alabama v. Garrett</u>, 531 U.S. 356, 360 (2001). As such, Plaintiff's ADA claims against Defendant NYSHDR are also dismissed on these grounds.

## VI. Conclusion

Mr. Rullan's claim against DOS is precluded pursuant to both res judicata and collateral estoppel by the New York State Supreme Court's decision based on the "same gravamen or… 'factual grouping.'" <u>Kirkland</u>, 828 F.2d at 110. Further, Mr. Rullan's complaint fails to state a cause of action against DOS pursuant to Fed. R. Civ. P. 12(b)(6). Accordingly, DOS's motion to dismiss is granted. Additionally, Defendant NYSDHR was not Plaintiff's employer and thus the agency cannot be held liable for claims of employment discrimination. Further, the Eleventh Amendment immunizes NYSDHR from suit under the ADA. As such, all claims against NYSDHR are also dismissed.

SO ORDERED.

Dated: New York, New York

May 12, 2011

Robert P. Patterson, Jr.

U.S.D.J.

*Copies of this Opinion & Order provided to:*

**_Pro se Plaintiff_**

**Juan Rullan**
442 Jackson Ave.
3R
Bronx, NY 10455

**_Counsel for Defendants_**
**Ashley Jean Hale**
New York City Law Department
100 Church Street
New York, NY 10007

**Charles F. Sanders**
Assistant Attorney General of the State of N.Y.
120 Broadway
New York, NY 10271