UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
JUAN RULLAN,

                              Plaintiff,

                                                          10 Civ. 8079 (RPP)

       -v-

                                                          **OPINION & ORDER**

NEW YORK CITY DEPARTMENT OF
SANITATION, NEW YORK STATE DIVISION
OF HUMAN RIGHTS,

                              Defendant,
------------------------------------------------------------X
**ROBERT P. PATTERSON, JR., U.S.D.J.,**

I.     Introduction

       On October 25, 2010, Plaintiff Juan Rullan ("Mr. Rullan" or "Plaintiff"), pro se, filed a Complaint against the New York City Department of Sanitation ("DOS") and the New York State Division of Human Rights ("NYSDHR"), alleging discrimination based on his disability in violation of the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12112 et seq., and Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. §§ 2000e et seq.

       On February 8, 2011, Defendant DOS moved to dismiss the Complaint on the grounds that: (1) the Complaint is barred by res judicata and collateral estoppel; (2) Plaintiff failed to state a claim under the ADA and Title VII for discrimination or retaliation; and (3) Plaintiff failed to exhaust his administrative remedies under Title VII and the ADA. On February 8, 2011, Defendant NYSDHR also moved to dismiss the Complaint asserting that: (1) the Complaint fails to state a proper claim since NYSDHR was not Plaintiff's employer; and (2) the NYSDHR is immune from ADA claims under the Eleventh Amendment of the U.S. Constitution. Plaintiff submitted his Affirmation in Opposition to the Motion to Dismiss on February 18, 2011. On

February 25, 2011, Defendant DOS submitted its reply memorandum. By letter dated February 28, 2011, Defendant NYSDHR stated that it was in receipt of Plaintiff's Affirmation and that it rested on its prior submissions regarding the motion to dismiss.

On May 12, 2011, this Court issued an Opinion and Order dismissing Plaintiff's Complaint in its entirety. On May 13, 2011, the Clerk of the Court entered Judgment, ordering, adjudging, and decreeing that the Defendants' motions to dismiss were granted. On June 22, 2011, Defendant DOS was personally served with Plaintiff's Notice of Motion for Reconsideration with accompanying Affirmation in Support of Motion. The notice of motion was accompanied by three letters from Barasch McGarry Salzman & Penson ("Barasch") which appears to be representing Mr. Rullan in an unrelated World Trade Center class action litigation. It is not clear whether Plaintiff served Defendant NYSDHR with the instant motion for reconsideration. On July 6, 2011, Defendant DOS submitted its memorandum in opposition to Plaintiff's motion for reconsideration, arguing that: (1) Plaintiff's motion is time-barred, and (2) that it is meritless. On July 20, 2011, Plaintiff filed his Reply Affirmation in Support of Motion.

## II.     Legal Standard

The Court is mindful that Mr. Rullan is proceeding <u>pro se</u>, and thus his submissions will be "liberally construed in his favor," <u>Simmons v. Abruzzo</u>, 49 F.3d 83, 87 (2d Cir. 1995), and read to "raise the strongest arguments that they suggest," <u>Graham v. Henderson</u>, 89 F.3d 75, 79 (2d Cir. 1996) (citation omitted).

Local Civil Rule 6.3 provides, in pertinent part: "Unless otherwise provided by statute or rule (such as Fed. R. Civ. P. 50, 52, 59), a notice of motion for reconsideration . . . shall be served . . . within fourteen (14) day after the entry of judgment."

The standard for reconsideration under Local Civil Rule 6.3 is "strict, and reconsideration will generally be denied unless the moving party can point to controlling decisions or data that the court overlooked – matters, in other words that might reasonably be expected to alter the conclusion reached by the court." Shrader v. CSX Transp., Inc., 70 F.3d 255, 257 (2d Cir. 1995). Reconsideration is not an invitation for parties "to treat the court's initial decision as the opening of a dialogue in which that party may then use such a motion to advance new theories or adduce new evidence in response to the court's rulings." de los Santos v. Fingerson, No. 97 Civ. 3972 (MBM), 1998 WL 788781, at *1 (S.D.N.Y. Nov. 12, 1990). The motion "cannot assert new arguments or claims which were not before the court on the original motion and consequently cannot be said to have been *considered*." Koehler v. Bank of Bermuda Ltd., No. M18-302 (CSH), 2005 WL 1119371, at *1 (S.D.N.Y. Sept. 21, 2009) (emphasis in original). Thus, reconsideration under Local Rule 6.3 is available only so a court may correct for clear error, prevent manifest injustice, or review in light of newly available law or evidence. See Parrish v. Sollecito, 253 F. Supp. 2d 713, 715 (S.D.N.Y. 2003).

**III.    Discussion**

   A.    *Plaintiff's motion for reconsideration is untimely and must be denied.*

Judgment in this case was entered on May 13, 2011. Thus, pursuant to Local Civil Rule 6.3, any motion for reconsideration of this Court's decision granting Defendants' motion to dismiss had to be served and filed by May 27, 2011. The instant motion was served and filed on June 22, 2011, well after the 14-day period mandated by Rule 6.3. As such, Plaintiff's motion is denied.[1]

---

[1] When a plaintiff's motion for reconsideration is untimely, it must be denied, and the merits of plaintiff's motion need not be addressed. See Beckles v. City of New York, No. 08 Civ. 3687 (RJH) (JCF), 2010 WL 1841714, at *6 (S.D.N.Y. May 10, 2010) (a court may dismiss an untimely motion for reconsideration without addressing its merits).

> **B.** *Plaintiff's motion for reconsideration fails to meet the requirements set forth by Local Civil Rule 6.3*

Even if Mr. Rullan had filed his motion in a timely fashion, the motion would be denied on the merits. Plaintiff has not identified any law or fact that this Court allegedly overlooked when deciding the motion to dismiss, nor does he point out any clear error in the Court's opinion, or manifest injustice that would result from it. See Scott v. City of New York, 592 F. Supp. 2d 475, 491 (S.D.N.Y. 2008). In fact, the sole reason that Plaintiff offers in his motion for why he is entitled to relief is: "World Trade Center Attack Employee Exposure." (See Pl.'s Affirm. in Supp. of Mot. at 1.) In support, Plaintiff submits a number of documents, inlcuding: (1) a hand-written list defining the terms "default judgment," "material fact," "motion to amend or alter the judgment" and "prima facie case;" (id. at 2); (2) three letters from Barasch discussing the Zadroga Act and the terms of a "World Trade Center Structured Settlement" (id. at 3,4,8); and (3) three printouts apparently indicating a portion of the Plaintiff's award in the settlement (id. at 5,6,7).

In his reply papers, Plaintiff asserts he is entitled to relief because "the Zadroga Act is groundbreaking legislation intended to provide compensation and health care to those suffering from injuries or illnesses related to exposure from the toxic WTC dust and debris." (Pl.'s Reply Affirm. in Supp. of Mot. at 1.) Additionally he includes: (1) the last page of the Court's Order and Opinion dated May 12, 2011, which provides the name and address of the Plaintiff and of Defense counsel (id. at 3); (2) a copy of the outside of an envelope which is addressed to Mr. Rullan and has this Judge's chambers as the return address (id. at 4); (3) a fourth letter from Barasch accompanied by a copy of a check made out to Mr. Rullan by Barasch in the amount of $18,048.39 (id. at 5-6); and (4) copies of newspaper articles profiling various survivors from the World Trade Center attacks (id. at 7-9.).

Notably absent from Plaintiff's submissions is any argument regarding the basis for his belief that this Court overlooked any "controlling decisions or data" in issuing its decision. See Shrader, 70 F.3d at 257. Furthermore, none of the documents Plaintiff now submits were part of the record for the motion to dismiss, and thus the Court *could not* have overlooked them. See Am. Hotel Int'l Grp. Inc. v. OneBeacon Ins. Co., No. 01 Civ. 654 (RCC), 2005 WL 1176122, at *2 (S.D.N.Y. May 18, 2005) ("The Court will not condone Plaintiffs' attempts to add to the record considered by the Court on summary judgment" in its motion for reconsideration). In short, Plaintiff has not raised any issues of fact or law previously overlooked by this Court, nor has he argued or demonstrated that reconsideration is necessary to prevent manifest injustice. As such, his motion for reconsideration is denied.

## IV.  Conclusion

Plaintiff's motion for reconsideration is untimely and fails to meet the requirements set forth by Local Civil Rule 6.3. Therefore, the motion is denied.

Defendant's request for costs, fees, and disbursements is denied.

SO ORDERED.

Dated: New York, New York
January 10, 2012

_____
Robert P. Patterson, Jr.
U.S.D.J.

5

*Copies of this Opinion & Order provided to:*

**Pro se Plaintiff**
Juan Rullan (by mail)
442 Jackson Ave., 3K
Bronx, NY 10455

**Counsel for Defendants**
Ashley Jean Hale (by fax)
New York City Law Department
100 Church Street
New York, NY 10007
(212) 788-1328
Fax: (212) 788-8877

Charles F. Sanders (by mail)
Assistant Attorney General of the State of N.Y.
120 Broadway
New York, NY 10271